UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| NANCY SANDIG, | ) | |
| | ) | |
| Plaintiff, | ) | 2:10-cv-02462 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| DONALD J PLINER OF FLORIDA, INC., *et al.*, | ) | [Re: Motion at Docket 10] |
| | ) | |
| Defendants. | ) | |

## I.  MOTION PRESENTED

At docket 10, defendant Donald J Pliner of Florida, Inc. ("defendant" or "DJP") moves pursuant to Federal Rule 12(c) to dismiss Counts II and IV of plaintiff's complaint. Plaintiff Nancy Sandig ("plaintiff" or "Sandig") opposes the motion at docket 12. DJP's reply is at docket 15. Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

This case arises out of the parties' employment relationship. Sandig was a sales representative at DJP for thirteen years. In November 2009, Sandig's employment was terminated. Sandig claims that she was promised expenses for October and November

and an additional $10,000 that would not be charged against her commissions. Sandig maintains that the $10,000 payment was charged against her commissions. Sandig also maintains that DJP unilaterally imposed new policies governing commissions–including a 20% withholding to cover returns–and applied those policies to those of Sandig's outstanding sales which survived her termination. As a result of DJP's new policies, Sandig claims she has not been paid all of the commissions she is due.

Sandig filed suit in Arizona state court on October 13, 2010. Sandig has asserted claims for violation of Arizona Revised Statutes § 44-1798 *et seq.* (Count I), unjust enrichment (Count II), breach of contract (Count III), breach of the covenant of good faith and fair dealing (Count IV), violation of Arizona Revised Statutes § 23-350 *et. seq.* (Count V), declaratory judgment (Count VI), accounting (Count VII), and breach of a second contract (Count VIII). The case was removed to federal court on November 12, 2010.[1]

### III.  STANDARD OF REVIEW

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."[2] Because "Rules 12(b)(6) and 12(c) are substantially identical,"[3] a motion for judgment on the pleadings is assessed under the standard applicable to a motion to dismiss for failure to state a claim upon which

---

[1] Doc. 1.

[2] Fed. R. Civ. P. 12(c).

[3] *Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005).

relief may be granted under Rule 12(b)(6).[4]  In Ruling on a Rule 12(c) motion, a court must "determine whether the facts alleged in the complaint, . . . taken . . . as true, entitle the plaintiff to a legal remedy."[5]  "If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings."[6]  A Rule 12(c) motion is thus properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.[7]

## IV.  DISCUSSION

### A.  Unjust Enrichment Claim

Defendant argues that where there is "a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application."[8]  Although defendant's statement of the law is correct, "[a] party may set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count or . . . in separate ones."[9]  Moreover, "[a] party may state as many separate claims or defenses as it has, regardless of consistency."[10]  As plaintiff correctly points out, defendant "denies that a binding and enforceable contract exists between the parties."[11]  Plaintiff's

---

[4] See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980).

[5] Strigliabotti, 398 F. Supp. 2d at 1097.

[6] Id.

[7] Knappenberger v. City of Phoenix, 566 F.3d 936, 939 (9th Cir. 2009).

[8] Trustmark Ins. Co. v. Bank One, 48 P.3d 485, 492 (Ariz. Ct. App. 2002).

[9] Fed. R. Civ. P. 8(d)(2).

[10] Fed R. Civ. P. 8(d)(3).

[11] Doc. 12 at 3.

unjust enrichment claim is pled in the alternative,[12] and defendant is not entitled to judgment on the pleadings merely because plaintiff will be unable to prevail on both.

**B.  Breach of the Covenant of Good Faith and Fair Dealing Claim**

Defendant argues that plaintiff's breach of the covenant of good faith and fair dealing claim "is not properly characterized as a tort and must be dismissed."[13] However, plaintiff's claim is not characterized as a tort.  It is, as plaintiff maintains, "based on the parties' contract."[14]  Defendant claims that "Arizona law provides that a claim for breach of the covenant of good faith is a tort of bad faith, not a contract action."[15]  Defendant misstates the law.  It is true "that a tort action for breach of the implied covenant is [only] recognized where the contract creates a relationship in which the law implies special duties not imposed on other contractual relationships."[16]  That proposition, however, only speaks to remedies.  "When the remedy for breach of the covenant sounds in contract, it is not necessary for the complaining party to establish a special relationship."[17]

---

[12] *See* doc. 1-1 ¶ 50.

[13] Doc. 10 at 6.

[14] Doc. 12 at 4.

[15] Doc. 15 at 3.

[16] *Rawlings v. Apodaca*, 726 P.2d 565, 574 (Ariz. 1986).

[17] *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons*, 38 P.3d 12, 29 (Ariz. 2002).

## V.  CONCLUSION

For the foregoing reasons, defendant's motion at docket 10 to dismiss Counts II and IV pursuant to Federal Rule 12(c) is **DENIED**.

DATED this 24th day of February 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE